UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ARTHUR R. NETHERLY,**

      **Plaintiff,**

      v.

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**

      **Defendant.**

Case No.: 2:10-cv-239
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Defendant's motion to dismiss (Doc. # 5), Plaintiff's memorandum in opposition to Defendant's motion (Doc. # 11), and Defendant's reply memorandum (Doc. # 13). For the reasons that follow, the Court **GRANTS** Defendant's motion to dismiss.

### I. Background

The facts included in this section are taken from the complaint and from the insurance policy, Group Policy # 44869 ("Policy"), and other documents that are attached to and referenced in the complaint.

Plaintiff Arthur Netherly was employed by Volvo Group North America and elected coverage under the Policy, which provided for Life Insurance and Accidental Death and Dismemberment ("AD&D") Insurance. As part of his coverage under the Policy, Plaintiff accepted the optional AD&D coverage on his wife, Penny W. Netherly. On March 25, 2008, Mrs. Netherly was suffering from a bacterial sinus infection. She was prescribed Avelox to treat the bacterial infection. After taking the Avelox, Mrs. Netherly suffered anaphylactic shock and

1

died.

The AD&D coverage under the Policy "pays benefits for accidental Loss which results from an accident." (Doc. # 2-1 at 32.) The term "Loss" includes loss of life. *Id.* The Policy does not define the term "accidental," or "accident," but does provide that:

> Benefits for accidental Loss are payable only if all of these conditions are met:
>
> (1) You sustain an accidental bodily Injury while a Covered Person;
>
> (2) The Loss results directly from that Injury and from no other cause; and
>
> (3) The person suffers the Loss within 365 days after the accident. . . .

*Id.*

The Policy sets forth 11 exclusions, captioned "Losses Not Covered." Among the specific exclusions are the following:

> (3) Sickness, whether the Loss results directly or indirectly from the Sickness;
>
> (4) Medical or surgical treatment of Sickness, whether the Loss results directly or indirectly from the treatment;
>
> (5) Any bacterial or viral infection. But this does not include:
>
>> (a) a pyogenic infection resulting from an accidental cut or wound; or
>>
>> (b) a bacterial infection resulting from an accidental ingestion of a contaminated substance.

*Id.* at 38-39.

In the general definitions section of the Policy, "sickness" is defined as "[a]ny disorder of the body or mind of a Covered Person, but not an injury; pregnancy of a Covered Person, including abortion, miscarriage or childbirth." *Id.* at 54.

Plaintiff filed a claim for AD&D benefits arising from the death of his wife and on

August 26, 2008, Defendant denied Plaintiff's claim. The sole basis for the denial was the exclusion set forth in the Policy for the medical or surgical treatment of a sickness. Plaintiff appealed and Defendant denied the appeal.

On March 19, 2010, Plaintiff filed this action. Four days later, Plaintiff filed a separate action that is identical to this one in every way except that it adds two plaintiffs, who are joint beneficiaries with Plaintiff. *See Netherly v. The Prudential Ins. Co. of Am.*, *et al.*, No. 2:10-cv-244. That case was originally assigned to the Honorable John D. Holschuh. Judge Holschuh and the undersigned agreed that the two cases were related and the second case was transferred to the docket of the undersigned. (Doc. # 3.) The parties have not asked for the cases to be consolidated. Defendant, however, filed a motion to dismiss in the second case that is identical to the motion to dismiss in the instant action. The Court today shall issue an Order in the second case that adopts this Opinion and Order in its entirety.

## II.  Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*). To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be

3

enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

### III.  Discussion

In the administrative hearing on Plaintiff's claim for AD&D benefits, Plaintiff argued that the exclusion for the medical or surgical treatment of a sickness was inapplicable to Mrs. Netherly's death.  Plaintiff contends that because the Policy set forth a separate exclusion for "bacterial or viral infection[s]," the only reasonable conclusion is that a bacterial or viral infection, such as Mrs. Netherly's bacterial sinus infection, is separate and independent from a sickness under the terms of the Policy, *i.e.*, a bacterial infection is not a sickness.  Plaintiff concludes that, because medical treatment of a bacterial infection is not specifically excluded under the Policy, and because Mrs. Netherly died as a result of such treatment, AD&D coverage applies to Mrs. Netherly's death.

Defendant argues that the broad definition of "sickness," *i.e.*, "[a]ny disorder of the body or mind of a Covered Person, but not an injury" easily includes a sinus bacterial infection and the Policy unambiguously excludes medical treatment of a sickness.  Defendant argues that the reason for the separate exclusion of "bacterial or viral infection" was to except pyogenic infections resulting from an accidental cut or wound and bacterial infections resulting from the accidental ingestion of a contaminated substance.  Defendant further argues that Plaintiff's construction of the Policy language is unreasonable because it carves out an exception for a non-accidental death and would vitiate the intent of an accidental death policy only to provide coverage for accidental deaths.  This Court agrees.

The Court finds the recent case *Viera v. Life Insurance Company of North America* instructive.  No. 09-3574, 2010 U.S. Dist. LEXIS 34529 (E.D. Pa April 6, 2010).  In that case,

the plaintiff filed a claim for accidental death benefits under an AD&D policy based upon the death of her husband. The defendant insurance company denied the claim based on a policy provision that excluded death caused by or resulting from "[s]ickness, disease, bodily or mental infirmity, bacterial or viral infection or medical or surgical treatment thereof, except for any bacterial infection resulting from an accidental external cut or wound or accidental ingestion of contaminated food." *Id.* at *4, 29. The *Viera* court explained that the plaintiff's "position is that the plain meaning of this provision dictates that [defendant insurer] can only deny a claim where the Covered Loss (death) results from the 'medical or surgical treatment of a bacterial or viral infection,' and cannot exclude coverage based on the medical treatment of sickness, disease, or bodily or mental infirmity." *Id.* at 29. "In support of her interpretation, Plaintiff contends that the Court should employ the last-antecedent rule and interpret any ambiguities against [the defendant] based on its status as the drafter of the AD&D Policy." *Id.*

The *Viera* plaintiff's argument is the flip side of Plaintiff's argument here. That is, the *Viera* plaintiff argued that the insurer should deny coverage for the medical treatment of a "bacterial or viral infection" but not for medical treatment of "sickness, disease or bodily or mental infirmity." Plaintiff here argues that the insurer should deny coverage for the medical treatment of a sickness (any disorder of the body or mind) but not for the medical treatment of a bacterial or viral infection. In both cases, the plaintiffs suggest interpretations that are inconsistent with the general purpose of providing coverage only for accidental deaths of the AD&D policies; that is, the plaintiffs request accidental death coverage for non-accidental deaths.

While the *Viera* plaintiff relied upon rules of construction that differ from those relied

5

upon by Plaintiff here, neither plaintiff present a plausible claim.  The *Viera* plaintiff relied upon that the last antecedent rule and the rule that ambiguities must be construed against the drafter.  Plaintiff in the instant action relies upon the rule that ambituities must be construed against the drafter, the rule that effect must be given to all provisions of a policy, and the rule that specific contractual provisions control over conflicting general provisions.  The Court, however, is not convinced that the language at issue here is ambiguous, that Defendant's interpretation does not give effect to all provisions, or that there are conflicting specific and general provisions.  Yet, even if the Court were to accept Plaintiff's arguments, Plaintiff still does not present a plausible claim for relief.  That is because, here, like in *Viera*, the Court cannot "contort the language beyond its reasonable limits and create an interpretation that is inconsistent with the general purpose of the AD&D Policy."  *Id.* at *31 (citing *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 365-66 (3d Cir. 2004)).

   This is particularly so when there is sufficient indicia of contrary meaning to overcome these maxims of interpretation.  *See id.*  Specifically, the following indicia of meaning are present to contradict Plaintiff's interpretation: (1) a bacterial infection is a "disorder of the body"; (2) medical treatment of "any disorder of the body" is excepted from accidental death benefits; (3) the AD&D Policy provides coverage only for "an accidental" death; and (4) the scope of the AD&D Policy deals with "accidental death and dismemberment."  *See id.* ("[A]lthough a strict application of the last-antecedent rule supports Plaintiff's interpretation, sufficient indicia of contrary meaning exist to overcome this maxim of interpretation.").  As in *Viera*, this Court concludes that Plaintiff's suggested interpretation would contort the Policy's language beyond its reasonable limits and create an interpretation that is inconsistent with the

general purpose of the AD&D Policy.

The decedent in this case received medical treatment (Avelox) for a sickness (bacterial infection) and, as such, the denial of benefits based upon the exclusion language was correct. Accordingly, Plaintiff has failed to present any claim that is plausible on its face.

### IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss.  (Doc. # 5.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

>             **/s/ Gregory L. Frost**
>             **GREGORY L. FROST**
>             **UNITED STATES DISTRICT JUDGE**